| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **SOUTHERN DISTRICT OF NEW YORK** <br> ------------------------------------------------------------x <br> In re: <br> <br> THE GLAZIER GROUP INC., <br> <br>                            Debtors. <br> <br> ------------------------------------------------------------x <br> T-BONE RESTAURANT LLC and STRIP HOUSE LAS VEGAS, LLC <br> <br>                            Plaintiffs, <br> <br>            vs. <br> <br> GENERAL ELECTRIC CAPITAL CORPORATION, <br> <br>                            Defendant. <br> ------------------------------------------------------------x <br> GENERAL ELECTRIC CAPITAL CORPORATION, <br> <br>                            Counter-claim/Third-Party Plaintiff, <br> <br>            vs. <br> <br> T-BONE RESTAURANT LLC and STRIP HOUSE LAS VEGAS, LLC, <br> <br>                            Counter-claim Defendants, <br> <br>     -and- <br> <br> THE GLAZIER GROUP, INC., <br> <br>                            Third-party Defendant. <br> ------------------------------------------------------------x | NOT FOR PUBLCATION <br> <br> Chapter 11 <br> <br> Case No. 10-16099 (ALG) <br> (Confirmed Case) <br> <br> <br> Adv. Pro. No. 12-01878 |

MEMORANDUM DECISION DENYING MOTION
TO DISMISS COUNTERCLAIM AND THIRD-PARTY COMPLAINT

APPEARANCES:

HERRICK, FEINSTEIN LLP
*Counsel for Plaintiffs and Third-Party Defendant*
   By:  William R. Fried, Esq.
         Joshua J. Angel, Esq.
         Justin B. Singer, Esq.
2 Park Avenue
New York, New York 10016


REED SMITH LLP
*Counsel for Defendant*
   By:  Andrea Pincus, Esq.
         Christopher A. Lynch, Esq.
599 Lexington Avenue
New York, New York 10022

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**


      Plaintiffs' complaint seeks a declaratory judgment that the attorney's fees sought by GECC in connection with the Chapter 11 proceeding of Plaintiff's co-borrower and affiliate are unreasonable and should be disallowed or reduced. Although Plaintiff's initial complaint was broader, Plaintiffs now concede that the only issue raised in the complaint is the reasonableness and extent of GECC's attorney's fees. Defendant answered the complaint and has, in addition, counterclaimed and filed a third-party complaint for the additional fees and expenses it asserts it will be entitled to if it is successful in the defense of this suit. Plaintiffs have moved to dismiss the counterclaim and third-party complaint. For the following reasons, the motion to dismiss is denied.

2

## *BACKGROUND*

Until December 6, 2011, T-Bone Restaurant LLC and Strip House Las Vegas LLC ("Plaintiffs") were limited liability companies that owned steakhouse restaurants in New York City and Las Vegas, respectively, and were part of a group of ten steakhouses and catering facilities operating throughout the United States. The Glazier Group Inc. ("Glazier") provided restaurant management and support services to the restaurant affiliates, which like Glazier were wholly owned by members of the Glazier family.

In 2006, the restaurant affiliates and Glazier embarked on a rapid expansion and sought to consolidate their debts through refinancing. General Electric Capital Corporation ("GECC") provided such financing in the form of a Loan and Security Agreement dated September 19, 2007 (the "Loan Agreement"). Under the Loan Agreement Glazier and the restaurant affiliates were jointly and severally liable as co-borrowers of a $7 million loan, secured by all of the assets of the borrowing entities (other than real property leasehold interests) and their respective stock or membership interests. Pursuant to the Loan Agreement, the borrowing entities agreed to pay GECC "all reasonable out-of-pocket costs and expenses, including reasonable costs and expenses for legal counsel."

Between September 2007 and November 2010, the borrowing entities paid down the GECC loan by roughly $1.2 million, but eventually fell into default. Negotiations were unsuccessful and the acceleration of the GECC loan caused Glazier (but not the restaurant affiliates) to file for reorganization under chapter 11 in this Court on November 15, 2010. On May 3, 2011, GECC filed a proof of claim against Glazier in the amount of $6,683,907.94, which included its then attorney's fees in connection with the chapter 11 proceedings. On

August 16, 2011, Glazier's counsel filed an objection, seeking to reduce the GECC claim on the ground that GECC had not provided support for its claimed fees and expenses, which Glazier charged were unreasonable. On September 8, 2011, Glazier withdrew its objection to the GECC claim without explanation.

Glazier and the Glazier family eventually proposed a plan of reorganization funded by the sale of certain of the non-debtor restaurant affiliates. The plan required the GECC lien to be released so as to permit the sale of one or more of the restaurant affiliates. On December 5, 2011, in conjunction with plan confirmation, GECC sent a payoff letter (the "Payoff Letter") informing the borrowing entities of the outstanding obligations associated with the Loan Agreement. The Payoff Letter identified a balance of $6,786,320.00, which included $811,059.20 in its attorney's fees and expenses, assertedly payable under the Loan Agreement. On December 6, 2012, Glazier and certain of the co-borrowers repaid the balance in full, using proceeds from the sale of certain of the restaurants. Objecting to the reasonableness of the attorney's fees, Plaintiffs paid that portion of the payoff amount under protest, inserting a provision in the confirmation order reserving the right to contest the fees in a court of appropriate jurisdiction. *See* Confirmation Order, Case No. 10-16099(ALG), Dec. 13, 2011, Doc No. 258, ¶ 20.

On January 6, 2012, Plaintiffs commenced an action against GECC in the United States District Court for the Southern District of New York, protesting the fees. In response, GECC moved to refer the case to this court. The District Court granted GECC's motion and referred the case back to this court. *See T-Bone Restaurant LLC v. General Elec. Capital Corp.* (*In Re The Glazier Group Inc.*), Slip op. 12 Civ. 0122, Aug. 16, 2012. GECC then answered the complaint, and it additionally counterclaimed against the Plaintiffs and filed a third-party claim against

4

Glazier alleging that, under the Loan Agreement, Glazier and the Plaintiffs are liable for GECC's additional attorney's fees in connection with the defense of this action. In support of their motion to dismiss these claims, Plaintiffs and Glazier allege that the Loan Agreement did not provide for fees of this nature and that, in any event, the terms of the Payoff Letter released them from any such obligation.

## *DISCUSSION*

A.  *Motion to Dismiss*

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable to this case by Bankruptcy Rule 7012(b), a court must "accept as true all of the factual allegations set out in the plaintiff's complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009). The court must accept all well-pleaded, nonconclusory factual allegations in the complaint to be true. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *quoting Ashcroft v.* Iqbal, 129 S.Ct. 1937, 1949-50 (2009).  In reviewing a motion to dismiss, a court may consider the allegations in the complaint, exhibits attached to the complaint or incorporated therein by reference, and matters amenable to judicial notice. *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993).  It may also consider any document on which plaintiff relied in bringing the claim or that is integral to the claim, as long as there is no dispute concerning its authenticity, accuracy or relevance. *DiFolco v. MSNBC Cable, L.L.C.*, 622 F.3d 104, 111 (2d Cir.2010). (citation omitted).  In this case, the court may accordingly construe the clear and unambiguous terms of the Loan Agreement, which is referred to and indeed at the heart of the allegations in the counterclaim and third-party complaint.

5

In support of their position that GECC's counterclaim and third-party complaint should be dismissed, Plaintiffs and Glazier raise two arguments. First, they argue that the language of the Loan Agreement itself is insufficient to cover attorney's fees in a dispute between the parties, such as the one at bar. Second, they contend that the Payoff Letter contains a broad release provision that released them from any further obligation for attorney's fees.

B.  *Section 9.4 of the Loan Agreement*

Plaintiffs argue that under Arizona law, which governs the Loan Agreement[1], and New York law, which both parties cite, it must be clear from the agreement whether the parties intended that an attorney's fees provision apply to disputes among themselves. Plaintiffs contend that it is not clear from the language of section 9.4 of the Loan Agreement that the parties intended to reimburse GECC's attorneys' fees in an action between the parties, as opposed to an action brought by a third party. They cite *Coastal Power Int'l Ltd. v. Transcon. Capital Corp.*, 182 F.3d 163, 165 (2d Cir. 1999), where the Court held that the agreement must be "unmistakably clear regarding whether the parties to [an] agreement intend provisions of attorneys' fees to apply to disputes among themselves." (citation and internal quotation omitted)

The Loan Agreement is "unmistakably clear" that it applies to a dispute between GECC and the borrowers and co-borrowers.  First, section 9.4 of the Loan Agreement clearly states that GECC's rights include "reasonable costs and expenses for legal counsel, incurred by Lender . . . in connection with . . . any proceeding (including any bankruptcy or insolvency proceeding) related to *Borrower, any other Borrower Party,* any Loan Document or any *Obligation*. . . ." (emphasis added). Glazier is a "Borrower,", and Plaintiffs are a "Borrowing Party" as co-

---

[1] Section 9.11 of the Loan and Security Agreement provides that the Loan and Security Agreement is governed by Arizona Law.

6

borrowers under the agreement. Attorney's fees in conjunction with the Glazier chapter 11 case are also an "Obligation" under the Loan Agreement, as "Obligation" is defined in section 1.1 of the Loan Agreement as "all amounts, obligations, liabilities, covenants and duties of every type and description . . . and (c) all other fees, expenses (including *fees, charges, and disbursement of counsel*). . . ." (emphasis added).

Moreover, section 9.5 of the Loan Agreement (the "indemnity provision"), employing language as broad as section 9.4, requires indemnification by both the "Borrower or any other Borrower Party" in connection with any "Loan Document or Obligation." Thus, based on the language of sections 9.4 and 9.5 of the Agreement, GECC clearly contracted for indemnification for any reasonable legal fees with respect to any proceeding "related to Borrower [or] any other Borrowing Party." This includes the dispute before the Court, and GECC's reasonable attorney's fees in the defense of the instant lawsuit are potentially compensable under the Loan Agreement.

C. *The Payoff Letter*

Plaintiffs and Glazier next contend that the language of the Payoff Letter released them from any further liability for attorney's fees beyond that contained in the Payoff Letter itself. There is no question that the Payoff Letter signed by GECC's Senior Vice President employs language that is general and broad.[2] However, it is plainly limited to claims up to its date. The Payoff Letter states all amounts payable are "[a]s of December 5, 2011." Moreover, as GECC maintains, the outstanding balance stated in the Payoff Letter itself is evidence that GECC did

---

[2] The Payoff Letter provided, in pertinent part, that upon receipt of the required payment,
(1) All of the liens, security interests and mortgages held by the Lender on the Collateral shall be deemed released and terminated and shall be of no further force or effect;
(2) all obligations of the Borrower and any guarantors under any and all of the Loan Documents shall be deemed paid in full, released and discharged, all without any further action being required to effectuate the foregoing . . .

7

not intend to waive the rights to any future claims. *See* Motion to Dismiss Counterclaim at 9. Because the "payoff" amount ($6,786,320.00) would not suffice in the future due to continued interest accrual, it follows that the payoff amount was not intended to cover subsequent events such as the reasonable costs of the defense of this action.

The foregoing construction of the Payoff Letter is consistent with the well-recognized principle that a release covers only claims that the parties intended to bar. *See Cumis Ins. Soc., Inc. v. Merrick Bank Corp*, 680 F. Supp. 2d 1077, 1094 (D. Ariz. 2010) ("[T]he Settlement Agreement and Release are effective to bar all claims which the parties reasonably contemplated and intended to dispose of at the time of the Settlement Agreement."); *Mardan Corp. v. C.G.C. Music, Ltd.*, 600 F. Supp. 1049, 1056 (D. Ariz. 1988), citing *Cahill v. Regan*, 5 N.Y.2d 292, 184 N.Y.S.2d 348, 157 N.E.2d 505 (1959); *BFD Investments v. Barnyard Heritage*, 2012 WL 3945318 (Ariz. App. Div. 2 Sept. 11, 2012), citing *Dansby v. Buck*, 92 Ariz. 1, 373 P.2d 1 (1962).

This authority is consistent with New York law, which the parties cite. It is well-accepted under New York law that a release, general on its face, will be limited to those claims within the contemplation of the parties at the time. As the Court said in *Cahill v. Regan*, 5 N.Y.2d at 299, "[c]ertainly, a release may not be read to cover matters which the parties did not desire or intend to dispose of." Likewise in *Swift v. Ki Young Choe,* 242 A.D. 2d 188, 191, 674 N.Y.S.2d 17 (1st Dept. 1998), the Court held that "[t]he release does not provide a sufficient basis for dismissal of those causes of action arising out of conduct alleged to have taken place *subsequent* to execution of the release. The release by its terms discharged only claims existing at the time of its execution . . . ." (emphasis added). These cases reflect that a court's objective in a contract action is to give effect to the intention of the parties as gleaned from the language of the contract itself.

*BFD Investments v. Barnyard Heritage*, 2012 WL 3945318, citing *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 152, 854 P.2d 1134, 1138 (1993); *cf. In re Actrade Financial Technologies, Ltd*, 424 B.R. 59 (Bankr. S.D.N.Y. 2009), citing *Metropolitan Life Ins. Co. v. RJR Nabisco, Inc.,* 906 F.2d 884, 889 (2d Cir. 1990). Subsequent claims will not be barred unless "they are specifically embraced within the release or fall within the fair import of its terms." *Murray-Gardner Mgt. v. Iroquois Gas Transmission Sys.*, 229 A.D.2d 852, 854, 646 N.Y.S.2d 418 (3rd Dep't 1996). In the case at bar, it is clear that subsequent accrual of costs after April 5, 2011, is not "specifically embraced within the release [and does not] fall within the fair import of its terms."

In their reply, Plaintiffs and Glazier contend that the broad language of the release in the Payoff Letter is dispositive, and that in the cases cited by GECC, future claims are allowed due to specific language limiting the release of liability to prior or contemporaneous claims.[3] However, Plaintiffs fail to recognize that the Payoff Letter specifically states that the amount owed to GECC is "[a]s of December 5, 2011." Thus, this language limits the scope of the release to claims prior to or in existence as of December 5, 2011.

In any event, even if the Payoff Letter were ambiguous, section 9.6 of the Loan Agreement contains an all-encompassing unambiguous survival clause. It provides that "[a]ny indemnification or other protection . . . shall survive the repayment in full in cash . . ." of the loan. As noted above, the borrower and co-borrowers indemnified GECC for all "Obligations," including legal fees. Therefore, it is clear that Plaintiffs and Glazier must still indemnify GECC from attorney's fees in connection with a future action such as the one before the Court.

---

[3] *Applied Genetics Int'l, Inc. v. First Affiliated Sec.*, Inc., 912 F.2d 1238, 1245 (10th Cir. 1990) ("[T]he phrase 'to and including the date hereof' limits the scope of the release . . . ."); *Brock v. Brock*, 681 N.Y.S. 2d 559, 560 (N.Y. App. Div. 1998) ("up to the date of the release").

## *CONCLUSION*

For the foregoing reasons, Plaintiff's motion to dismiss Defendant's counterclaim and third-party complaint is denied.

IT IS SO ORDERED.


Dated: New York, New York
      November 30, 2012

                                      /s/ *Allan L. Gropper*
                                      UNITED STATES BANKRUPTCY JUDGE