UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
T-BONE RESTAURANT LLC and STRIP HOUSE :
LAS VEGAS, LLC
:
                          Plaintiffs,                  :  Adv. Pro. No. 12-01878 (ALG)

      vs.                :

GENERAL ELECTRIC CAPITAL                :
CORPORATION,

                          Defendant.           :
------------------------------------------------------------x
GENERAL ELECTRIC CAPITAL                :
CORPORATION,

                       Counter-claim/Third- :
                       party Plaintiff,

      vs.                :

T-BONE RESTAURANT LLC and STRIP HOUSE :
LAS VEGAS, LLC,

                       Counter-claim       :
                       Defendants,

  -and-

THE GLAZIER GROUP, INC.,

                       Third-party        :
                       Defendant.
------------------------------------------------------------x

**OBJECTION TO FIRST AND FINAL APPLICATION OF
GENERAL ELECTRIC CAPITAL CORPORATION
FOR REIMBURSEMENT OF FEES AND EXPENSES AND APPLICATION FOR
<u>RECONSIDERATION OF MOTION TO DISMISS</u>**

       T-Bone Restaurant LLC and Strip House Las Vegas, LLC ("Plaintiffs"), together

with The Glazier Group, Inc. (the "Debtor"), as and for their objection to the First and

Final Application of General Electric Capital Corporation ("GECC") for Reimbursement of Fees and Expenses, and their application for reconsideration of their motion to dismiss GECC's counterclaim for fees and expenses related to this action (Docket No. 1-18) (the "Motion to Dismiss"), respectfully state as follows:

1. GECC's request for reimbursement of fees and expenses in the amount of $132,264.83 is both facially unreasonable and contrary to the law of this state.

2. In their Motion to Dismiss, the Plaintiffs cited the well-settled doctrine that an agreement must be unmistakably clear regarding whether the parties to an agreement intend for attorneys' fees provisions to apply to disputes among themselves. See Motion to Dismiss at 6-7, citing Hooper Associates v. AGS Computers, Inc., 74 N.Y.2d 487 (1989). In its order dated November 30, 2012 denying the Motion to Dismiss (Docket No. 5), this Court found that the language of section 9.4 of the loan agreement between GECC and the Plaintiffs (the "Loan Agreement"), which provided for the reimbursement of GECC's "reasonable costs and expenses for legal counsel, incurred by Lender…in connection with…any proceeding (including any bankruptcy or insolvency proceeding) related to Borrower, any other Borrower Party, and Loan Document or any Obligation…," was "unmistakably clear" that it applies to a dispute between GECC and the Plaintiffs.

3. However, the recent decision of the Supreme Court of the State of New York, County of New York in MBIA Insurance Corporation v. Countrywide Home Loans, Inc. et al., Index No. 602825/2008 (Bransten, J.) (April 29, 2013) directly

2

contradicts this Court's decision on the Motion to Dismiss.[1] In <u>MBIA</u>, the plaintiffs sought reimbursement for their costs in enforcing their rights under certain insurance agreements with the defendants. The language of the insurance agreements, which are remarkably similar to the language of the Loan Agreement, provided, in relevant part:

> The Master Servicer and the Sponsor agree to pay the Insurer…as follows: any and all reasonable charges, fees, costs and expenses that the Insurer may reasonably pay or incur, including, but not limited to, reasonable attorneys' and accountants' fees and expenses, in connection with … (ii) the enforcement or defense or preservation by the Insurer of any rights in respect of any of the Transaction Documents, including, without limitation, instituting, defending, monitoring or participating in any litigation proceeding (including, without limitation, any insolvency or bankruptcy proceeding in respect of any Transaction participant or any affiliate thereof) relating to any of the Transaction Documents, any party to any of the Transaction Documents, in its capacity as such a party, or the Transaction…."

4.     Similar to the Plaintiffs in their Motion to Dismiss, the <u>MBIA</u> court cited to the strict standard of <u>Hooper</u>, which provides that the court "should not infer a party's intention to waive the benefit of the [American] rule unless the intention to do so is unmistakably clear from the language of the promise." <u>MBIA</u> at 33, citing <u>Hooper</u>, 74 N.Y.2d at 492. As explained by the <u>MBIA</u> court, "unmistakably clear" language must "exclusively or unequivocally" refer to claims between the parties themselves. <u>Id.</u>

5.     The <u>MBIA</u> court found that while the above-cited provision of the insurance agreements has the "potential" to cover actions seeking damages between the parties to the insurance agreements, the provision was not "sufficiently unequivocal" to

---

[1] A true and correct copy of the decision is annexed hereto as <u>Exhibit "A."</u>

3

accommodate reimbursement of attorneys' fees in a dispute between the parties. MBIA at 34, citing Hooper, 74 N.Y.2d at 494; Gotham Partners, L.P. v. High River Ltd. P'ship, 76 A.D.3d 203, 206 (1st Dep't 2010). "The problem with plaintiffs' position is not that their interpretation is irrational; it is that the strict standard imposed by Hooper requires more than that." MBIA at 34 citing Gotham Partners, 76 A.D.3d at 207.

6.      Here, just as in Hooper, Gotham Partners, and MBIA, while the language of the Loan Agreement has the potential to cover reimbursement of GECC's attorneys' fees in an action against the Plaintiffs, the language of the Loan Agreement does not exclusively or unequivocally refer to claims between the parties. Indeed, the language of the Loan Agreement relied upon by the Court in denying the Motion to Dismiss is almost *identical* to the language of the insurance agreements in MBIA:

Loan Agreement

...reasonable costs and expenses for legal counsel, incurred by Lender...in connection with ... any proceeding (including any bankruptcy or insolvency proceeding) related to Borrower, any other Borrower Party, and Loan Document or any Obligation...

Insurance Agreements

...any and all reasonable charges, fees, costs and expenses that the Insurer may reasonably pay or incur, ... in connection with ... any litigation proceeding (including, without limitation, any insolvency or bankruptcy proceeding in respect of any Transaction participant or any affiliate thereof) relating to any of the Transaction Documents, any party to any of the Transaction Documents, in its capacity as such a party, or the Transaction...."

4

7. Similar to the plaintiffs in <u>MBIA</u>, the problem with this Court's decision on the Motion to Dismiss is not that its interpretation was irrational; it is that the strict standard imposed by <u>Hooper</u> requires more than that.

8. Accordingly, in light of the recent decision in <u>MBIA</u> which squarely supports the points raised in the Motion to Dismiss, the Plaintiffs respectfully request that this Court reconsider its decision on the Motion to Dismiss and deny GECC's request for reimbursement of its attorneys' fees and expenses in this action.

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in the Motion to Dismiss, the Court should reconsider its decision on the Motion to Dismiss and enter an order denying GECC's request for reimbursement of its attorneys' fees and expenses in this action, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 21, 2013

HERRICK, FEINSTEIN LLP

/s/ Joshua J. Angel
Joshua J. Angel (jangel@herrick.com)
2 Park Avenue
New York, NY 10016
212.592.1400
*Attorneys for Plaintiffs T-Bone Restaurant LLC and Strip House Las Vegas, LLC and Third-Party Defendant The Glazier Group, Inc.*