REED SMITH LLP
Alexander Terras (admitted *Pro Hac Vice*)
10 South Wacker Dr., 40th Floor
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
    -and-
Christopher A. Lynch
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
T-BONE RESTAURANT LLC and STRIP :
HOUSE LAS VEGAS, LLC, :
 :
Plaintiffs, : Case No: 10-16099 (ALG)
 :
v. :
 : Adv. Pro. No. 12-01878 (ALG)
GENERAL ELECTRIC CAPITAL :
CORPORATION, :
 :
Defendant. :
---------------------------------------------------------- x
GENERAL ELECTRIC CAPITAL :
CORPORATION, :
 :
Counter-claim/Third-party Plaintiff, : **REPLY IN SUPPORT**
 : **OF FIRST AND FINAL**
v. : **APPLICATION OF GENERAL**
 : **ELECTRIC CAPITAL**
T-BONE RESTAURANT LLC and STRIP : **CORPORATION**
HOUSE LAS VEGAS, LLC, : **FOR REIMBURSEMENT OF FEES**
 : **AND EXPENSES AND**
Counter-claim Defendants, : **OPPOSITION TO APPLICATION**
 : **FOR RECONSIDERATION OF**
- and – : <u>**MOTION TO DISMISS**</u>
 :
THE GLAZIER GROUP, INC., :
 :
Third-party Defendant. :
---------------------------------------------------------- x

General Electric Capital Corporation ("GECC"), by its undersigned counsel, submits its reply in further support of its first and final application for reimbursement of fees and expenses incurred and allowed in defense of this lawsuit (the "Application") and in opposition to the application of the Glazier Entities[1] for reconsideration of their motion to dismiss GECC's counterclaim ("Motion to Dismiss") denied by this Court in its *Memorandum Decision Denying Motion to Dismiss Counterclaim and Third-Party Complaint*, entered November 30, 2012 (the "Memorandum Decision").  In support hereof, GECC respectfully represents the following:

**INTRODUCTION**

The Glazier Entities style their pleading *Objection to First and Final Application of General Electric Capital Corporation for Reimbursement of Fees and Expenses and Application for Reconsideration of Motion to Dismiss*.  The pleading, however, does not object to the nature of services rendered to GECC, the hours expended or the rate charged.  Therefore, in the absence of a response, GECC's request for reimbursement should be allowed in full.  With respect to the Application for Reconsideration, the same is procedurally flawed and has no substantive merit.

**ARGUMENT**

1.     Although the Glazier Entities fail to identify a statute or rule-based predicate for their purported Application for Reconsideration[2], giving them the benefit of the doubt, they are likely relying on the standards set forth under Federal Rules of Civil Procedure ("FRCP") 59 or 60. Regardless of their intent, however, the relief they seek is neither warranted nor available.

---

[1]     Capitalized terms not defined herein shall have the meaning given such terms in the Application.

[2]     This infirmity alone is fatal to their "Application."  *See* Local Bankruptcy Rule 9013-1(a) ("Each motion shall specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief, either in the motion or in a separate memorandum of law.  If such specification has not been made, the Court may strike the motion from the calendar.").

2.      FRCP 59 provides in pertinent part that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Because the Memorandum Decision was entered on November 30, 2012, they are time barred from seeking relief under FRCP 59.

3.      FRCP 60 is also unavailing. That Rule provides in pertinent part that:

(b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60 (b).[3]

4.      Not surprisingly, the Glazier Entities do not argue the existence of mistake, newly discovered evidence, fraud, a void judgment or satisfaction in support of their application - - no support for these bases could possibly be asserted in good faith. The Glazier Entities rely exclusively on a decision of the Supreme Court of the State of New York, New York County in MBIA Insurance Corp. v. Countrywide Home Loans, Inc., Index No. 602825/2008 (Bransten, J.) (Apr. 29, 2013). It would appear, then, that the Glazier Entities perceive "any other reason that justifies relief" to include unreported decisions of a New York State trial court entered five (5)

---

[3]    FRCP 60 dictates that a motion under subsection (b) "must be made within a reasonable time." FED. R. CIV. P. 60 (c).

months *after* the Memorandum Decision.  Even if the MBIA Insurance decision changed the law in this State, which it does not, reconsideration is not warranted.

   5. As a first matter, while it may be academically stimulating to ponder the import of MBIA Insurance, it should be noted, again, that the Loan and Security Agreement is governed by Arizona law, not New York law, and therefore Hooper Assocs. v. AGS Computers, Inc., 74 N.Y.2d 487 (1989), and its progeny are irrelevant to the discussion.  *See* Memorandum Decision, p. 6 (noting that Section 9.11 of the Loan and Security Agreement provides that it is governed by Arizona law).  Therefore, while GECC addressed Hooper in response to the Motion to Dismiss, that case had no bearing on the Court's determination.  It is therefore difficult to comprehend how MBIA Insurance, a lower court case that merely applied the standard in Hooper, can warrant this Court's reconsideration of the Motion to Dismiss.

   6. This threshold point notwithstanding, the Glazier Entities' enthusiasm over MBIA Insurance is based upon their belief that the decision "adds something" to the Hooper decision.  It does not.  Hooper was discussed in the Motion to Dismiss.  *See* Motion to Dismiss p. 7.  It was also addressed, and soundly distinguished, in GECC's Opposition to the Motion to Dismiss Counterclaim ("GECC Opposition").  *See* GECC Opposition p. 11.  Consistent with GECC's argument there, this Court found that it was "unmistakably clear" that the indemnity language of Section 9.4 of the Loan and Security Agreement was intended to apply to a dispute between GECC and the borrowers and co-borrowers under the loan.  Memorandum Decision pp. 6-7.  The standard having being applied, the Motion to Dismiss was denied.

   7. Contrary to the Glazier Entities' suggestion, MBIA Insurance does not change the standard for determining whether parties contractually agreed to provide for the reimbursement of attorneys' fees; it merely applies the standard already set forth in Hooper.  Echoing again their statement in the Motion to Dismiss relating to the provision at issue, Motion to Dismiss, p. 7 ("remarkably similar attorneys' fees provision"), the Glazier Entities now state that the provision in MBIA Insurance is "almost identical" to that here at issue.  It is of no moment.  This Court

applied the relevant standard and ruled in GECC's favor. This "development" is not a "reason that justifies" reconsideration.

## CONCLUSION

For the foregoing reasons and those set forth in the Application, GECC respectfully requests entry of an Order: (i) granting GECC's Application in its entirety; (ii) allowing and awarding the requested compensation for professional services rendered in the amount of $132,264.83 and reimbursement of expenses incurred in the amount of $3,768.17; (iii) denying the Glazier Entities' Application for Reconsideration; (iv) entering judgment against T-Bone Restaurant LLC, Strip House Las Vegas, LLC and The Glazier Group, Inc. in the amount of $136,033.00; and (v) granting such other and further relief as the Court deems proper.

Dated: New York, New York
      May 31, 2013

**REED SMITH LLP**

   /s/ Christopher A. Lynch
Christopher A. Lynch
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
Email: clynch@reedsmith.com

  -and-

Alexander Terras (admitted *Pro Hac Vice*)
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Tel: (312) 207-1000
Fax: (312) 207-6400
Email: aterras@reedsmith.com

*Attorneys for General Electric Capital Corporation*